UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT FISHER, | |
| Plaintiff, | 3:15-CV-0439-LRH-WGC |
| v. | |
| STATE OF NEVADA, *ex rel* DEPARTMENT OF AGRICULTURE, | ORDER |
| Defendant. | |

Before the court is defendant the State of Nevada, *ex rel* its Department of Agriculture's ("NDA") motion for judgment on the pleadings. Doc. #6.[1] Plaintiff Robert Fisher ("Fisher") filed an opposition to the motion (Doc. #11) to which defendant replied (Doc. #12).

**I.  Facts and Background**

Plaintiff Fisher is employed by defendant NDA as a Weights and Measures Inspector II. In early 2014, Fisher interviewed for the position of Weights and Measures Inspector IV but was denied that promotion on May 28, 2014.

On June 19, 2014, Fisher filed a general intake form with the Equal Employment Opportunity Commission ("EEOC"). On June 30, 2014, Fisher filed an administrative charge with the Nevada Equal Rights Commission ("NERC"). Subsequently, on August 21, 2014, Fisher filed

---

[1] Refers to the court's docket number.

1  an administrative charge with the EEOC, Charge No. 34B-2014-00942.[2] In that charge, Fisher
2  alleged that he was denied the promotion to Weights and Measures Inspector IV on the basis of his
3  national origin, Hispanic. *See* Doc. #6, Exhibit 1. On January 29, 2015, Fisher received a right to
4  sue letter on his administrative charge. *See* Doc. #6, Exhibit 2.

5      While his first administrative charge was pending, Fisher interviewed for and was denied
6  another promotion in December 2014. On July 14, 2015, Fisher filed another administrative charge
7  with the EEOC, Charge No. 846-2015-30056.[3] In that charge, Fisher alleged that he was denied
8  promotions in both May and December, 2014 on the basis of his national origin, Hispanic, and that
9  he was retaliated against for filing his first administrative charge. *See* Doc. #6, Exhibit 4. At this
10 time, Fisher has not received a right to sue letter on his second administrative charge.

11     Subsequently, on August 26, 2015, Fisher filed a complaint for Title VII discrimination
12 against defendant NDA alleging two causes of action: (1) Title VII discrimination related to the
13 failure to promote in May and December, 2014, and (2) Title VII retaliation. Doc. #1. Thereafter,
14 NDA filed the present motion for judgment on the pleadings. Doc. #6.

15 **II.     Legal Standard**

16     "After the pleadings are closed—but early enough not to delay trial—a party may move for
17 judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there
18 are no issues of material fact, and the moving party is entitled to judgment as a matter of law."
19 *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational*
20 *Church*, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings,
21 the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes
22 the facts in the light most favorable to that party. *Id.* Thus, when brought by a defendant, the same

---

[2] A copy of Fisher's administrative charge is attached as Exhibit 1 to the motion to dismiss. *See* Doc. #6, Exhibit 1.

[3] A copy of Fisher's second administrative charge is attached as Exhibit 4 to the motion to dismiss. *See* Doc. #6, Exhibit 4.

2

1  legal standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies
2  to a pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be
3  granted. *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009); *see also* Fed. R. Civ. P.
4  12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule
5  12(c)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule
6  12(b)(6) motion should be treated as a Rule 12(c) motion).

7       To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the
8  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela*
9  *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain
10 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The
11 Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading
12 that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*
14 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

15      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
16 accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal
17 quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows
18 the court to draw the reasonable inference, based on the court's judicial experience and common
19 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
20 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
21 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
22 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
23 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

24      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
25 true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a
26 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.  Discussion

Title VII prohibits discrimination against an employee or an applicant for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). In order for a district court to have subject matter jurisdiction over a Title VII claim, a plaintiff must have exhausted all available administrative remedies. *See Sutter v. Mass Mutual Financial Group*, 2011 U.S. Dist. LEXIS 72840, *6 (D. Nev. 2011) (citing *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002). To exhaust the administrative remedies, a plaintiff must timely file a charge with the EEOC, "thereby affording the agency an opportunity to investigate the charge." *Id*. Further, a plaintiff must receive a right to sue letter from the EEOC prior to filing a complaint. *Guerrero v. Hawaii*, 662 F. Supp. 2d 1242, 1253 (D. Hawaii, 2009); *see also*, 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that Fisher has not yet received a right to sue letter from his second administrative charge alleging discrimination for a failure to promote in December, 2014, and Title VII retaliation. As such, the court is without jurisdiction to hear these claims. Thus, the only claim brought before this court for which Fisher has received a right to sue letter from the EEOC is his Title VII discrimination claim for failure to promote in May, 2014. Therefore, the court shall grant NDA's motion and dismiss the remaining claims for lack of jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings (Doc. #6) is GRANTED. Plaintiff's first cause of action for Title VII discrimination related to a

1 | failure to promote in December 2014, and second cause of action for Title VII retaliation are
2 | DISMISSED from the complaint (Doc. #1). The only claim remaining in this action is plaintiff's
3 | first cause of action for Title VII discrimination related to a failure to promote in May, 2014.
4 |     IT IS SO ORDERED.
5 |     DATED this 20th day of November, 2015.

                                       _____
                                       LARRY R. HICKS
                                       UNITED STATES DISTRICT JUDGE