UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT FISHER,

    Plaintiff,

v.

STATE OF NEVADA, *ex rel* its DEPARTMENT OF AGRICULTURE,

    Defendant.

3:15-CV-0439-LRH-WGC

ORDER

Before the court is Defendant State of Nevada, *ex rel* its Department of Agriculture's ("NDA") motion for summary judgment. ECF No. 19. Plaintiff Robert Fisher ("Fisher") filed an opposition (ECF No. 22) to which NDA replied (ECF No. 23).

**I.    Facts and Procedural History**

Fisher is employed by defendant NDA as a Weights and Measures Inspector II. In early 2014, Fisher applied for a promotion to be a Weights and Measures Inspector IV. The Nevada Department of Administration, through the Division of Human Resource Management ("DHRM") Recruitment Section, initiated recruitment for the position by posting the job announcement, taking and screening applications for minimum qualifications, and then providing NDA with a list of all qualified applicants. NDA then selected six applicants to interview for the position, one of which was Fisher.

The interview panel was comprised of three NDA employees: NDA Deputy Director Lynn Hettrick, Animal Industry Administrator Flint Wright, and former Administrator David Jones. Each interviewee for the position was asked the same ten

questions and their responses were scored by the panel. Fisher received the third highest score of the six interviewees. After the interviews, the position was offered to the highest scoring applicant, who rejected the offer, and then to the second highest scoring applicant, who accepted the offer. Fisher, as third highest scoring applicant, did not receive an offer for the position.

On June 19, 2014, Fisher filed a general intake form with the Equal Employment Opportunity Commission ("EEOC"). On June 30, 2014, Fished filed an administrative charge with the Nevada Equal Rights Commission ("NERC"). Subsequently on August 21, 2014, Fished filed an administrative charge with the EEOC. In that charge, Fisher alleged he was denied the promotion to Weights and Measures Inspector IV on the basis of his national origin, Hispanic. On January 29, 2015, Fisher received a right to sue letter on his administrative charge from the EEOC.

In December 2014, while the first administrative charge was pending, Fisher interviewed for another promotion with NDA, which he did not receive. On July 15, 2015, Fisher filed a new administrative charge with the EEOC, in which he alleged that he was denied promotions in both May and December 2014, on the basis of his national origin, Hispanic. In his second charge, Fisher additionally alleged that he was retaliated against for filing his first administrative charge.

Subsequently on August 26, 2015, Fisher filed a complaint for Title VII discrimination against defendant NDA alleging two causes of action: (1) Title VII discrimination related to the failure to promote in May and December 2014; and (2) Title VII retaliation. ECF No. 1. In response, NDA filed a motion for judgment on the pleadings (ECF No. 6) which was granted by the court (ECF No. 17). In that order, the court dismissed Fisher's claims for failure to promote in December 2014 and for Title VII retaliation. *See* ECF No. 17. Thereafter, NDA filed the present motion for summary judgment on Fisher's sole remaining claim for Title VII discrimination related to the failure to promote in May 2014. ECF No. 19.

///

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.     Discussion

When alleging an action under Title VII, a plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). To establish a prima facie case, the plaintiff must offer evidence that gives rise to an inference of unlawful discrimination. *Fragante v. Honolulu,* 888 F.3d 591, 595 (9th Cir. 1989) (internal quotations and citations omitted). To meet this burden a plaintiff must show: (1) that they belong to a protected class; (2) they were performing according to the employer's legitimate expectation; (3) they suffered an adverse employment action; and (4) other employees with similar qualifications were treated more favorably. *McDonnell Douglas*, 411 U.S. at 802. If a plaintiff can satisfy the four-prong *McDonald Douglas* framework, then the court presumes unlawful discrimination. *Vasquez v. Cnty. Of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). If a plaintiff cannot satisfy the *McDonald Douglas* framework, then they must prove unlawful discrimination with direct or circumstantial evidence of discriminatory intent. *Id.* at 640.

If the plaintiff establishes a prima facie case of discrimination, the burden switches to the employer to articulate some "legitimate, non-discriminatory reason" for the employee's adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant provides such reason, the burden switches back to the plaintiff to show that the employer's reason is simply a pretext for discrimination. *Vasquez*, 349 F.3d at 640.

In its motion for summary judgment, the NDA contends that Fisher cannot prove the first element of a prima facie case, that he is a member of a protected class, and therefore summary judgment on Fisher's remaining Title VII claim is warranted. *See* ECF No. 19. This court agrees.

The court has reviewed the documents and pleadings on file in this matter and finds that Fisher has not established that he is a member of a protected class. On his charge of discrimination with the EEOC Fisher has claimed that he is Hispanic. However, every record provided to the court from Fisher's employment with NDA specifies that Fisher's ethnicity is white and, more importantly, that Fisher has identified

himself as white or Caucasian throughout his employment with NDA. For example, Fisher's Personnel and Payroll forms are all marked with a "5" for ethnicity, which is defined on the same form as "white (Not of Hispanic Origin)." ECF No. 19 at Exhibit 6. Additionally, in Fisher's State of Nevada Employment Personal Information Form, it specifies that Fisher is a natural born citizen and the box he checked for ethnicity is marked with a 'W'. ECF No. 19 at Exhibit 7. On those same forms, it shows that his mother's name is Sandra Moore and father's name is Thomas Fisher, names not Hispanic in origin or which would indicate to someone interviewing Fisher for the May 2014 promotion that he was Hispanic. *Id.* Further, Fisher has light colored skin and speaks fluent English with no accent and no co-worker or supervisor at NDA has ever heard Fisher speak Spanish. Finally, Fisher certified in response to NDA's interrogatories that he is not in possession of any documents, records, or other evidence demonstrating that he is a member of a protected class under Title VII. ECF No. 19 at Exhibit 8.

    The only evidence Fisher offered in support of his claim is his EEOC charge wherein he self-identifies as Hispanic and a declaration in which he contends that (1) the interview panel acted uninterested in his interview, (2) that the selected candidate did not meet the minimum qualifications for the promotion (a contention directly contradicted by the evidence submitted in support of NDA's motion)[1], and (3) that the individuals offered the promotion were not Hispanic or Latino. However, Fisher has not offered any evidence that he himself is Hispanic. His EEOC charge is not sufficient direct or circumstantial evidence to create a genuine issue of material fact that he is Hispanic. Thus, this court finds that there is no evidence supported by the record showing a genuine dispute of material fact that Fisher is a member of a protected class.

---

[1] NDA has submitted a declaration from the recruiter who reviewed all the applications for minimum qualifications. In his declaration, the recruiter specifically states that he gave NDA a certified list of qualified applicants, all of whom met the minimum qualifications for the promotion, and that all of the interviewees were selected from this list.

Therefore, the court finds that Fisher has failed to establish a prima facie case for employment discrimination under Title VII.

Additionally, even if Fisher's EEOC charge and self-serving declaration were enough to establish a prima facie case of discrimination, this court finds that NDA has proven a legitimate non-discriminatory reason for why Fisher was not offered the promotion, namely that Fisher was not ranked high enough by the interview panel. Here, it is undisputed that Fisher was ranked third of all interviewees. Further, it is undisputed that the position was first offered to the highest ranked applicant who rejected the position, and then to the second ranked applicant who accepted the job. Thus, the position went to an applicant who scored higher than Fisher. The court finds that this is a sufficient legitimate, non-discriminatory reason to not offer Fisher the promotion to defeat his claim for discrimination. Accordingly, this court shall grant NDA's motion for summary judgment.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (ECF No. 19) is GRANTED. The clerk of court shall enter JUDGMENT in favor of defendant State of Nevada, *ex rel* its Department of Agriculture and against plaintiff Robert Fisher.

IT IS SO ORDERED.

DATED this 22nd day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE